WILLIAM B. DANA CO., INC., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11064. Promulgated March 20, 1928.

*W. H. Dannat Pell, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

OPINION.

Siefkin : The first issue relates to the value of the intangible assets acquired in 1894. The value of the tangibles is not in dispute, being admitted by the respondent to have been cash of $3,750 and machinery worth $22,250, a total of $26,000. The parties also apparently are not in dispute that the bonds issued were worth their face value. There is further no dispute as to the respective interests of the two partners, Dana, three-fifths, Floyd, two-fifths. With these factors it is apparent that the price paid by the corporation can be determined. Floyd had a two-fifths or 40 per cent interest in tangibles and intangibles of the partnership. For this he received $175,000. A 40 per cent interest in tangibles worth $26,000 amounted

to $10,400 and indicates that the petitioner paid him $164,600 for a similar per cent of the intangibles of the partnership. Based upon such amount, the intangibles acquired from Dana had a value of $246,900. Under the limitations upon intangibles acquired for stock imposed by section 326 of the Revenue Acts of 1918 and 1921, the petitioner can not, however, include in invested capital more than $125,000, since such intangibles were acquired by the issue of stock and the entire capital stock was $500,000. The total amount thus allowable in invested capital on account of intangibles is $289,600 instead of the amount of $175,900 included by the respondent. The amount of $26,000 should also be included on account of tangibles instead of $25,000 included by the respondent.

With respect to the second issue, we are without sufficient evidence to determine whether or not the respondent should have computed the petitioner's profits tax under the special assessment provisions. The mere statement that betterments were made in the early years of the corporation, the cost of which did not appear upon the books of the corporation, is not sufficient. Nor is the partial exclusion of the value of good will from invested capital, because of provisions of the taxing statute, a good ground. See *Morris & Co.*, 1 B. T. A. 704. We, accordingly, approve the respondent's denial of the application for special assessment.

> *Judgment will be entered upon 15 days' notice, under Rule 50.*